## Wm. Shackelford v. Commonwealth.

**When Threats Are Not Admissible.**

> In a homicide case threats said to have been made by the deceased to kill the accused are not admissible in evidence, when it is not shown that they were communicated to the accused prior to the killing.

**Continuance of Criminal Trial on Account of Absent Witness.**

> When counsel for the commonwealth in a murder case admits the truth of statements in an affidavit for continuance, as to what the absent witness would testify to the application for continuance should be denied.

### APPEAL FROM HARLAN CIRCUIT COURT.

September 29, 1883.

Opinion by Judge Hines:

Although the appellant was sentenced to the penitentiary for life there is no appearance for him by attorney, nor is there any brief for th ecommonwealth, further than a statement by the attorney-general, in substance, that the judgment of the lower court is correct and therefore should be affirmed.

From a careful consideration of the record we find but three exceptions that could have been relied upon by appellant, and neither of them is well taken. The first is the rejection by the court below of evidence tending to show threats by the deceased to kill appellant; but as they were not shown to have been communicated to appellant prior to the killing, the evidence was properly rejected. The second is the refusal of the court to continue, on affidavit, because of the absence of material witnesses, which is not available for reversal because counsel for the commonwealth admitted the truth of the statements in the affidavit as to what the absent witnesses would testify to. The third is exception to the instructions. They appear to give the law correctly and to present the whole law, both as to murder and to manslaughter.

Judgment *affirmed.*

*John Dishman, J. M. Unthank, for appellant.*

*P. W. Hardin, for appellee.*